[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 I. FACTS
On July 21, 1997, the plaintiff, William Donovan, acting in his official capacity as zoning enforcement officer of the Town of Prospect, filed a complaint against the defendant, Domenic Neri. The complaint alleges that the defendant is the owner of property located at 17A Terry Street in Prospect, which is located in a residential zone. The plaintiff alleges that the defendant has and continues to violate certain zoning regulations by storing trucks that weigh over three tons on the premises, unlawfully operates a sand and gravel business from the premises and washes and performs maintenance work on the trucks on the premises. The plaintiff seeks to enforce a cease and desist order that had previously been issued with respect to the defendant's activities.
On April 17, 1998, the defendant filed an answer, special defenses and a counterclaim. The counterclaim alleges that the defendant had received a zoning permit in 1988 allowing him to store a large truck in a garage that was to be built on his property. He constructed the garage and stored his truck there through 1995. He alleges that zoning enforcement officials visited the property, never indicating any illegal usage, but that in 1995, the officials., responding to a complaint, issued a cease and desist order. The defendant further alleges that since the cease and desist order was issued, the plaintiff has been made aware of several other properties in Prospect that are violating the zoning regulations by storing trucks that weigh over three tons on residential property. The defendant alleges that the plaintiff has not referred these violations to the zoning commission, nor scheduled special hearings similar to those scheduled for the defendant. The defendant alleges that the plaintiff's failure to enforce the zoning regulations against others who are allegedly violating the regulations is a violation of his right to equal protection under 42 U.S.C. § 1983.
On October 7, 1998, the plaintiff filed an answer and seven special defenses as to the counterclaim. The defendant denied the special defenses on April 30, 1998. CT Page 5336
On June 6, 2000, the plaintiff filed this motion for summary judgment with respect to the defendant's counterclaim on the ground that the defendant cannot establish that he was improperly singled out for selective enforcement of zoning violations in derogation of the equal protection clause of the fourteenth amendment. The motion is accompanied by a memorandum of law and supporting documentation. The defendant filed a memorandum of law in opposition to the motion for summary judgment on September 6, 2000, accompanied by an affidavit and various exhibits.
 II. DISCUSSION
Pursuant to Practice Book § 17-49, a motion for summary judgment shall be granted if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Practice Book §17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). The moving party "has the burden of showing the absence of any genuine issue [of] material facts which . . . entitle him to judgment as a matter of law." (Brackets in original; citation omitted.) Id. In order for the motion to be denied, the opposing party must show, through evidence, that a genuine issue of material fact exists. Id.
The plaintiff argues that the defendant cannot show that the town has violated his fourteenth amendment right by selectively enforcing zoning regulations against him. Specifically, the plaintiff argues that the defendant cannot prove that he has been treated differently from others similarly situated or that the zoning commission acted with malice or bad faith when it enforced the regulations against him. Conversely, the defendant argues that the plaintiff violated his equal protection rights by selectively enforcing the zoning regulations against him. He argues that there is evidence that the plaintiff treated him differently than others similarly situated and that the plaintiff maliciously or in bad faith, intended to injure him.
The equal protection clause of the fourteenth amendment to the United States constitution ensures that "all persons similarly situated [are] treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432,440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). In order for a claimant to show that there has been a violation of the equal protection clause, he must satisfy a two prong test. The claimant must show that, "(1) the person, compared with others similarly situated, was selectively treated; and (2) . . . such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the CT Page 5337 exercise of constitutional rights, or malicious or bad faith intent to injure a person." Thomas v. West Haven, 249 Conn. 385, 393, 734 A.2d 535, cert. denied, 528 U.S. 1187, 120 S.Ct. 1239, 146 L.Ed.2d 99 (1999). The claimant has the burden of proving a selective enforcement claim. Id.
The first prong of the test requires that the claimant "identify and relate specific instances where persons situated similarly in allrelevant aspects were treated differently." (Emphasis in original.)Cadlerock Properties Joint Venture L.P. v. Commissioner of EnvironmentalProtection, 253 Conn. 661, 672, 757 A.2d 1, cert. denied, 531 U.S. 1148,121 S.Ct. 1089, 148 L.Ed.2d 963 (2000). "Equal protection does not just mean treating identically situated persons identically." (Emphasis in original.) Thomas v. West Haven, supra, 249 Conn. 402. In zoning cases, where the board has discretion, the court should broadly compare the claimant to similarly situated people. Id., 403. Thomas v. West Haven was a case involving selective enforcement based on a zoning commission's denial of an application for a zone change in which the plaintiffs sought to change the zoning of their parcels to allow condominium development on the property. The court explained that "[t]he appropriate group for comparison to the plaintiffs, therefore, includes all applicants who were before the commission requesting a zone change during the same general time period as the plaintiffs, and who thus, theoretically, were subject to the same rules and requirements." Id. The court urged a comparison based on general characteristics, fearing that adopting a narrow comparison would allow officials, who make zoning enforcement decisions, to insulate themselves from equal protection claims. Id.
The defendant's counterclaim alleges that the zoning regulations were not enforced equally against all violators and that the plaintiff violated the defendant's equal protection rights. The plaintiff attached a portion of the defendant's deposition testimony and the plaintiff's own affidavit in support of his motion for summary judgment. The deposition testimony reveals that the defendant stated that he did not know what information the plaintiff had received regarding other violators and what, if any, steps the plaintiff had taken to address these violations. (Defendant's Dep., pp. 6-9) The plaintiff's affidavit merely attests to the events surrounding the issuance of the cease and desist order against the defendant. The plaintiff offers no other evidence directed to the issue of selective treatment.
In opposing plaintiff's motion for summary judgment, the defendant must show that there is a question of fact that he was similarly situated to others and that he was selectively treated by the plaintiff. To show that he was similarly situated to others, yet treated selectively, the defendant submitted his own affidavit, an affidavit and a report from a private investigator, Jeffrey Haag, several pictures of other residential CT Page 5338 properties, and maps showing trucks parked on these properties. In his own affidavit, the defendant lists nine other residential properties in Prospect on which he claims trucks are stored weighing three tons or more. He also claims that the zoning regulations have not been enforced against them. (Amended Affidavit of defendant, ¶ 13(a)-(i).) Similarly, Haag, the investigator, avers that "there are at least six other residences that appear to be violating the 3 ton truck rule; and these residences are all within close proximity to and similarly situated with the Neri residence in Prospect, Connecticut." (Affidavit of Jeffrey Haag, ¶ 4(d).) In addition to his affidavit, Haag attached photographs of the six properties that he attests are in violation of the zoning regulations. Haag further attests that despite the existence of other properties in violation of the regulations, the defendant was the only one whom the plaintiff enforced the regulation against. (Affidavit of Jeffrey Haag, ¶ 4(e).)
The plaintiff has failed to meet his burden of demonstrating that there is no genuine issue of material fact that the defendant was not, when compared to others similarly situated, selectively treated. In light of the defendant's affidavits, the defendant has demonstrated that there is a question of fact as to whether he was selectively treated when compared to others similarly situated.
Under the second prong of the equal protection test, a claimant must show that the zoning enforcement officer maliciously or purposefully discriminated against him when he enforced the zoning regulations.Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497, reh'g denied, 321 U.S. 804, 64 S.Ct. 778, 88 L.Ed. 1090 (1944). The plaintiff argues that since he was not involved in the initial enforcement proceedings against the defendant and had no discussions with the defendant, he did not act with malice or bad faith toward the defendant. The plaintiff offers his own affidavit to show that he did not maliciously, or in bad faith, enforce the regulation against the defendant. He attests that he was not employed by the Town of Prospect when the zoning enforcement officer enforced the regulation by issuing and, later, reissuing a cease and desist order against the defendant; (affidavit of plaintiff, ¶¶ 2, 5); or when the zoning commission conducted hearings on the defendant's violation. (Affidavit of plaintiff, ¶ 8.) The plaintiff also avers that he never had any discussions with the defendant. (Affidavit of plaintiff, ¶ 7.)
The defendant offers his own amended affidavit and Haag's affidavit to show that the plaintiff acted with malice or bad faith. In his amended affidavit, the defendant attests that he believes he has "been singled out unfairly for selective treatment by Zoning Enforcement Officers who acted maliciously in [his] case." (Amended Affidavit of defendant, ¶ CT Page 5339 17.)
Whether the plaintiff acted with malice or bad faith is an issue involving the plaintiff's motive and intent which should not be resolved on a motion for summary judgment. See Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 107, 639 A.2d 507 (1994). "[S]ummary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated." (Internal quotation marks omitted.) Reynolds v. ChryslerFirst Commercial Corp., 40 Conn. App. 725, 731, 673 A.2d 575, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996). "Summary judgment should not be used in cases . . . that concern . . . questions of inference such as motive or intent; . . . or in ones that involve subjective feelings and reactions." (Citations omitted.) Gould v. Mellick Sexton,66 Conn. App. 542, 556, ___ A.2d ___ (2001)
For the foregoing reasons, the plaintiff's motion for summary judgment as to the defendant's counterclaim is denied.
ROBERT L. HOLZBERG, J.